**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 24 C 0270 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| CHANCE JONES, Day-to-Day | ) | |
| Warden, Illinois River Correctional | ) | |
| Center, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Keith Griffin, formerly incarcerated at Stanley Correctional Institution,[1] brings this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2019 state court conviction. *See* [1]. Because Petitioner's claim remains procedurally defaulted, the Court denies his petition.

## I. Factual Background & Procedural History[2]

After pointing a loaded shotgun at his girlfriend's mother on March 29, 2018,[3] Keith Griffin was charged in state court with unlawful use of a weapon by a felon and

---

[1] Petitioner was recently released from custody, on to parole, *see* [21], but this case nonetheless remains live. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (observing that § 2254's "in custody" provision requires only that the petitioner be incarcerated when the petition is filed and that "an incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement).

[2] The Court draws these facts from the state court record [13]; absent a clear and convincing evidentiary showing by Petitioner that the state court's factual findings are incorrect (not made here), these findings remain entitled to a presumption of correctness. *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. § 2254(e)(1); *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018)).

[3] At about 10:00 a.m. on March 29, 2018, Kanesha Jones came into the apartment she shared with her mother (Theresa), Theresa's son (Andre Turner), and Petitioner Griffin, sporting a black eye, a

1

with being an armed habitual criminal. [13-1] at 8–12. At a status hearing in the case on August 9, 2018, before discovery had even been fully tendered, Griffin demanded trial, against the advice of his attorney. [13-1] at 8; [13-4] at 2. The trial judge, James Linn, admonished Griffin concerning the effect of his demand, required him to speak with his attorney before proceeding, and then set the matter over to allow him to do so and to allow for the completion of discovery. [13-4] at 2. At the next court date, September 20, 2018, about a month after discovery was complete, Griffin reiterated his demand, and, after additional colloquy and admonishment, the court respected it, selecting a trial date about two weeks out, over counsel's objection. [13-4] at 2–3. Griffin then waived his right to a jury, and the case proceeded to a bench trial on October 3, 2018. [13-1] at 8.

At trial, Judge Linn heard from three witnesses: Theresa Jones, the mother of Griffin's girlfriend, Kanesha Jones; Officer Daniel McNicholas, who arrived at Jones' apartment first; and Officer Adrian McCoy, who came to the apartment after McNicholas, found Griffin running down the apartment's back stairs, and chased and detained Griffin, before turning him over to McNicholas. *Id.* at 10–12; [13-2] at 16; [13-4] at 3–6. In addition to live testimony, the evidentiary record included the Officers' body worn camera footage (which the parties played during trial, questioning the officers as they went) and certified copies of two prior felony convictions—Griffin's felon in possession of a firearm conviction in Case No. 10CR07833-01, and his felon

---

footprint on her face, and bruises around her neck; when Griffin walked in 15 minutes later, Theresa accused him of beating on her daughter again and hit him with a stick. [13-1] at 8–9; [13-2] at 10. Griffin then brought out the shotgun. [13-1] at 9; [13-2] at 10–11.

2

in possession of a weapon conviction in Case No. 02CR08704-01. [13-1] at 12; [13-2] at 15–16; [13-4] at 6.

During closing arguments, defense counsel argued that the state failed to meet its burden to show beyond a reasonable doubt that Griffin possessed a gun. [13-4] at 6. In particular, counsel emphasized, the record showed that police retrieved the shotgun from Jones's apartment, not Griffin's, and the only evidence linking Griffin to the gun came from Theresa, who was plainly biased and had motive to frame Griffin, who had stomped on and strangled her daughter minutes earlier. *Id.* at 6–7. The trial court rejected counsel's arguments, found Jones and the Officers to be credible, and found Griffin guilty.[4] [13-1] at 12–13; [13-4] at 7. After denying Griffin's motion for reconsideration and for a new trial, Judge Linn sentenced him as a Class X offender to 8 years. [13-1] at 13–14; [13-4] at 7.

Griffin then filed a notice of appeal on February 14, 2019. On direct appeal, he argued that the trial court erred when it respected Griffin's trial demand and proceeded to trial knowing defense counsel had not yet fully prepared; and that the trial court erred in allowing inadmissible hearsay statements from Theresa Jones and Officer McNicholas, thus depriving Griffin of a fair trial. [13-1]. The Appellate Court rejected Griffin's arguments and affirmed the judgment on March 29, 2022. *See* [13-4].

---

4 The charges for unlawful use of a weapon by a felon then merged into the armed habitual criminal count. [13-4] at 1, 7.

As to his first claim, the court found that the trial court had handled Griffin's trial demand appropriately:

> The trial court addressed the defendant and ensured that he understood the charges against him, the potential sentence he faced if convicted, the fact that his attorney believed a continuance would be advantageous to the defendant's case, the fact that demanding trial could mean that his attorney would not be as prepared to represent him as he might otherwise be, and the fact that he was persisting in this demand against his attorney's advice. The trial court also inquired of defendant's counsel about the nature of the investigation he wanted to complete before proceeding to trial. The trial court further recognized the defendant's previous experience with the criminal justice system provided him with insight into the consequences of the decision to demand trial against his attorney's advice. Having taken all of these factors into consideration, we find no error in the trial court's honoring of defendant's demand for trial in the circumstances of this case.

[13-4] at 12. The court also noted that this case was "neither factually nor legally complex" and that the trial transcript (which spanned just 43 pages) showed that defense counsel "competently and vigorously" cross-examined the three trial witnesses, eliciting some favorable testimony and developing a viable (though unsuccessful) theory that Griffin did not possess the gun and that Theresa Jones pinned the gun on him for self-serving reasons. *Id.* at 15. Ultimately, the court concluded, Griffin "was well represented by his counsel at trial. Any suggestion by defendant that additional evidence favorable to him would have become available if his attorney had more time to prepare for trial is nothing other than speculation and conjecture." *Id.*

As to Griffin's hearsay argument, the Illinois Appellate Court held that Jones's testimony that Griffin pointed a gun at her was admissible as a statement of identification, properly elicited from a witness testifying at trial, subject to cross-

4

examination, and so counsel was not ineffective for declining to object to it. [13-4] at 17–18. Nor was counsel ineffective for failing to object to Jones's testimony about the location of the shotgun. *Id.* at 18–19.

Griffin then filed a Petition for Leave to Appeal in the Illinois Supreme Court, arguing that leave was warranted to address the question of who controls the right to demand a speedy trial, the defendant or his counsel, and to clarify the limits of non-hearsay statements of identification and course of investigation testimony. [13-5]. The Illinois Supreme Court denied the PLA on September 28, 2022, [13-6].

While his direct appeal was making its way through the courts, Griffin initiated habeas proceedings as well.

Griffin filed a *pro se* state habeas petition on June 15, 2022, complaining about Officer McNicholas's statement about an OEMC dispatch call and claiming that the call was fabricated, [13-8]. In particular, he claimed that the State "used a witness who testified she did not call the police and say I had a gun that dispatch call was a major part in my case and showed why the police was there." *Id.* at 4. He further claimed that Officer McCoy "also testified that he was responding to a call that a person had a gun but had no proof of it at trial." *Id.* Judge Linn denied his petition on June 29, 2022, [13-9].

Griffin appealed Judge Linn's denial of his state habeas petition, the Office of the Public Defender of Cook County was appointed to represent him, and counsel then filed a motion for leave to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), indicating that she had reviewed the record and determined that an appeal

lacked "arguable merit." *See* [13-11] at 2. After a careful review of the record, the Appellate Court agreed that Griffin's petition presented "no issues of arguable merit for appeal" and, on March 25, 2024, affirmed Judge Linn's denial of Griffin's petition. *Id.* at 4. Griffin did not file a Petition for Leave to Appeal with the Illinois Supreme Court.

Shortly before filing the state habeas petition and before filing his direct appeal PLA with the Illinois Supreme Court, on April 8, 2022, Griffin filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Griffin v. Clark*, Case No. 1:22-cv-01861, [1] (N.D. Ill.). On May 9, 2022, the Court dismissed the petition without prejudice based upon Griffin's failure to exhaust available state court remedies. *See id.* at [6]. Griffin sought to reinstate the case, and, on May 23, 2023, the Court again dismissed the petition for failure to exhaust, explaining that Petitioner's state habeas proceedings did not exhaust his federal habeas claims and that he potentially still had available remedies under Illinois' post-conviction statute. *Id.* at [22]. At that time, the Court invited him "to renew his petition once he has exhausted his claims under the Post Conviction Hearing Act." *Id.*

Mr. Griffin, however, did not file any post-conviction petition. Instead, on August 24, 2023, he filed another federal habeas petition, this time in the Central District of Illinois, [1]. The Central District transferred the petition back here on January 11, 2024 under 28 U.S.C. §§ 2241(d) and 1404(a), and this Court then ordered Respondent to answer the petition, which it did. *See* [12].

## II. Discussion & Analysis

In his current habeas corpus petition, Griffin claims Judge Linn lacked jurisdiction over him because his conviction rested in part upon a fabricated 911 dispatch call. *See* [1] at 5–6. Respondent sees four separate subparts in this claim—(1) the trial court lacked jurisdiction to convict him; (2) the 911 dispatch call introduced at trial was fabricated; (3) he was arrested without probable cause; and (4) the use of a fabricated report at trial resulted in the denial of a fair trial  denied he was denied—but contends that all of them are procedurally defaulted.

Through 28 U.S.C. § 2254, Congress "authorized 'federal courts to issue habeas corpus relief for persons in state custody.'" *Jannke v. Gierach*, 159 F.4th 517, 521 (7th Cir. 2025) (quoting *Pierce v. Vanihel*, 93 F.4th 1036, 1044 (7th Cir. 2024)). But to "seek federal habeas relief, a state prisoner must first 'exhaust the remedies available in the courts of the State.'" *Id.* (quoting § 2254(b)(1)(A)). A state prisoner "must give the state an opportunity to correct alleged violations of federal rights by fairly presenting his claim through a full round of state court review." *Lee v. Mlodzik*, 170 F.4th 1065, 1073 (7th Cir. 2026) (quoting *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016); citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). This means the state prisoner "must present his claim at each level of the state court system before seeking federal relief." *Jannke*, 159 F.4th at 521 (citing *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004)). A habeas petitioner who "fails to do so procedurally defaults his claim." *Id.* (citing *Wilson v. Cromwell*, 69 F.4th 410, 418 (7th Cir. 2023)). *See also Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004)

7

("Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts. 'Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.' Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.") (citations omitted).

Here, although Griffin filed a direct appeal and a PLA as to some claims, he did not raise the current claims in those proceedings and thus failed to raise any issue about a fabricated 911 call on direct appeal; nor did he raise this claim in any post-conviction petition. In fact, he never filed a post-conviction petition at all, and the time for doing so has long passed. *See* 725 Ill. Comp. Stat. 5/122-1(c) ("No proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."). Mr. Griffin raised an issue about a fabricated 911 call for the first time in his state habeas petition. And, although he appealed the denial of that petition to the Illinois Appellate Court, he failed to file a Petition for Leave to Appeal that denial with the Illinois Supreme Court. He failed, in other words, to assert the claim at "each and

8

every level in the state court system."[5]

A habeas petitioner who has exhausted his state court remedies "without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). And federal habeas corpus review of a procedurally defaulted claim is unavailable "unless the petitioner can demonstrate both cause for and prejudice stemming from that default" or "establish that the denial of relief will result in a miscarriage of justice." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Mr. Griffin has not even attempted to demonstrate or establish either here. Indeed, despite being granted leave to file a reply in support of his petition, he declined to do so, leaving Respondent's default arguments unrebutted. Nor does the record include facts suggesting he could meet this high burden if he had tried.

As to cause and prejudice, cause is an "objective factor, external to Petitioner that impeded his efforts to raise the claim in an earlier proceeding." *Johnson v. Foster*,

---

[5] A state prisoner seeking federal habeas review of his conviction or sentence under § 2254 must do so within one year of the date the judgment becomes final. § 2244(d)(1)(A). Here, the judgment became final September 28, 2022, when the Illinois Supreme Court denied his PLA. Although "the limitations period is tolled for the 'time during which a properly filed application for state post-conviction or other collateral review ... is pending,'" *Patterson v. Adkins*, 124 F.4th 1035, 1045 (7th Cir. 2025) (quoting § 2244(d)(2)), Griffin never filed a post-conviction petition. As a result, the time for him to try to cure his failure to exhaust has expired. *See also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (§ 2244(d)(2) excludes "particular time from the year, not restart that year"; a state collateral attack that "does not begin until the federal year has expired is irrelevant."). And, even if his current claim were plausible, his state habeas petition had no tolling effect because, as this Court explained when it dismissed Mr. Griffin's prior habeas petition, "constitutional claims cannot be raised via a state habeas corpus proceeding before the Illinois courts." *Griffin v. Clark*, Case No. 1:22-cv-01861 [22] (citing *Beacham v. Walker*, 896 N.E.2d 327, 332 (Ill. 2008)).

786 F.3d 501, 505 (7th Cir. 2015) (citing *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013)). Examples of cause include: (1) interference by officials making compliance impractical; (2) the factual or legal basis was not reasonably available to counsel; or (3) ineffective assistance of counsel. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). Prejudice means, "an error which so infected the entire trial that the resulting conviction violates due process." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (quoted case omitted). The record provides no basis to suggest cause or prejudice here; the factual basis of his 911 call claim remained evident from the date of the bench trial, and Griffin provides no basis to think that outside forces prevented him from raising that claim in his direct appeal or in a timely post-conviction petition.

Nor does the record suggest that Mr. Griffin could take advantage of the fundamental miscarriage of justice (actual innocence) exception. To show actual innocence to excuse a default, Petitioner must demonstrate that "in light of … new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make a credible claim of actual innocence, Petitioner must present new, reliable evidence that was not presented at trial—such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. *House*, 547 U.S. at 537 (citing *Schlup*, 513 U.S. at 324). The standard is "demanding" and "seldom met." *Id.* at 386 (citing *House*, 547 U.S. at 538). The standard requires the proffer of adequate evidence, such as "documentary,

biological (DNA), or other powerful evidence: perhaps some non-relative who places him out of the city, with credit card slips, photographs, and phone logs to back up the claim.'" *McDowell v. Lemke*, 737 F.3d 476, 483-84 (7th Cir. 2013) (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005)). Griffin cites to no such evidence and the record does not otherwise support an actual innocence claim; and indeed, the record undermines the merits of the claims he attempts to raise now.

## III. Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. If Petitioner wishes the Court to reconsider its judgment, however, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

11

A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## IV.     Conclusion

For the reasons above, the Court denies Keith Griffin's habeas corpus petition [1] and strikes all set dates and all pending motions. The Court declines to issue a certificate of appealability. The Clerk shall enter a Rule 58 Judgment in favor of Respondent and against Mr. Griffin.

Dated: June 25, 2026

Entered:

_____

John Robert Blakey
United States District Judge

12